**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**DWIGHT ANTONIO HOWARD, # 82541**                                          **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 2:13cv59-KS-MTP**

**CAPTAIN BEVERLY BRELAND, et al.**                                          **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER DISMISSING MEGG, ROSS, AND MORRIS**

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Dwight Antonio Howard is incarcerated with the Mississippi Department of Corrections and brings this action challenging various conditions of his confinement. The Court has considered and liberally construed the pleadings. As set forth below, Defendants Nurse April Megg, Joy Ross, and Michella Morris are dismissed.

**BACKGROUND**

Howard initiated this action on March 27, 2013. At the time, he was housed at the South Mississippi Correctional Institution. He challenges various conditions of his confinement at SMCI. Among others, he sues Megg, Ross, and Morris, all of whom worked there. First, Howard alleges that, in February of 2013, Megg exposed him to another prisoner with tuberculosis. Specifically Howard claims that she did not test incoming inmates for the disease and that even after she knew this particular inmate was infected, he was still housed in general population. Howard denies any injury as a result. Then, he claims that, on June 13, officers responded to an allegedly untruthful report that he was being disorderly. He and another offender were placed against the wall while various Defendants were yelling at Howard. Among them, was Ross, who "called me a sexual predator . . . I need my a[**] kick, [sic] and I hate

women." (Dkt. 24 at 2). He alleges she also said he was a child rapist.

Subsequent to raising claims against Morris on June 24, 2013, Howard moved to voluntarily dismiss her, because she is a Defendant in his other pending case, *Howard v. Brown*, No. 2:13cv126-KS-MTP.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Howard to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915.

MEGG

First, Howard seeks damages against Megg for exposing him to tuberculosis. He admits that he did not contract the disease. He claims only that he was placed at risk.

"No Federal civil action may be brought by a prisoner confined in a . . . prison . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18, United States Code)." 42 U.S.C. § 1997e(e).  Because Howard admits that he was not injured by Megg, he fails to state a claim against her upon which relief may be granted.  She is dismissed without prejudice, and this dismissal counts as a strike pursuant to Section 1915(g).

Ross

Second, Howard sues Ross for exposing the nature of his charge to other inmates. Liberally construed, he appears to be attempting an Eighth Amendment claim for failure to protect.

To the extent Howard seeks damages, he must prove a resulting physical injury on his failure to protect claim.  *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999).  Despite being given the opportunity to do so, he claims absolutely no injury, let alone physical injury, as a result of Ross's alleged actions.  Even if his pleadings could be construed to allege an emotional injury, he is not entitled to compensatory damages solely for emotional injuries.  42 U.S.C. § 1997e(e).  Thus, the claim for damages is dismissed for failure to state a claim.  *Jones*, 188 F.3d at 326.

To the extent Howard seeks injunctive relief from future harm, he does not allege that he ever received any threats of harm based on his charge being exposed.  Therefore, the injunctive claim is frivolous, because he has not alleged a likelihood of future harm.  *Geiger v. Jowers*, 404 F.3d 371, 372, 375 (5th Cir. 2005).  Moreover, he admits that he was transferred to another prison approximately two months after this incident.  The injunctive claim is alternatively moot.

Ross is therefore dismissed, and this dismissal counts as a strike pursuant to Section 1915(g).

MORRIS

Finally, Howard voluntarily dismisses Morris from this action.  She is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Defendant Nurse April Megg should be and is hereby **DISMISSED WITHOUT PREJUDICE** for failure to state a claim against her upon which relief could be granted.  This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Joy Ross is **DISMISSED**.  The claim for damages against her is dismissed without prejudice for failure to state a claim against her upon which relief could be granted.  The injunctive claim against her is dismissed with prejudice as frivolous and as moot.  These dismissals count as a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Michella Morris is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(a). The remainder of the case shall proceed.

**SO ORDERED AND ADJUDGED**, this the 27th day of September, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE